IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY LIFE INSURANCE COMPANY OF COLUMBUS, | : : : : | |
| Plaintiff, | : : | Civil Action No. 4:08-cv-167 (HL) |
| v. | : : | |
| INTERVOICE, INC., | : : | |
| Defendant. | : : | |

## ORDER

This matter came before the Court on the parties' discovery motions. During a hearing held on December 7, 2010, the parties reached an agreement concerning the motions. The terms of the agreement were expressed by counsel to the Court at the conclusion of the hearing. Pursuant to the agreement, the motions to compel (Doc. 47, 54) and the motion for a protective order (Doc. 51) are moot. This order is a written record of the parties' agreement.

I. **Agreement on Issues Present in Intervoice, Inc.'s ("Intervoice") Motion to Compel (Doc. 47).**

American Family Life Assurance Company of Columbus ("AFLAC") agrees to tender as a witness an in-house attorney who works at the law firm of Bryan Cave. The in-house attorney performed an internal analysis of Ronald A. Katz Technology Licensing, L.P's ("RAKTL") infringement allegations. The in-house attorney is tendered to testify on the validity of RAKTL's patents as well as to whether there was

any infringement of RAKTL's patents.  The in-house attorney will be asked questions at his deposition about the claim charts prepared as part of his analysis.

Intervoice is permitted to depose Mr. Smith, a corporate representative for Aflac.  Intervoice may question Mr. Smith about the claim charts. The parties' agreement to permit the depositions of Mr. Smith and the Bryan Cave attorney constitutes a narrow waiver of any attorney client privilege.  There is no subject matter waiver. No further discovery will be sought as a result of the depositions.

**II.     Agreement on Issues Present in Intervoice's Motion for a Protective Order (Doc. 51) and Aflac's Motion to Compel (Doc. 54).**

Intervoice agrees to produce Mr. Howell, an in-house Intervoice attorney, who will testify about any opinions that Intervoice may have received about the RAKTL patents up until the time the Aflac master sales agreement was signed in February 2001.  If in the event it becomes apparent that Mr. Howell is unfamiliar with patent law and indirect and contributory type infringement issues, then Aflac may bring a second motion to compel within three days from the date of Mr. Howell's deposition.

Attorney Frank Pietrantonio and the law firm Fulbright & Jaworski will be not be deposed.  Source documents referenced in the opinion letters will not be disclosed nor will any files in Kenyon & Kenyon's possession. Aflac agrees to withdraw the subpoena for Mr. Pietrentatio and his former law firm, Kenyon & Kenyon. Mr. Pietrantonio's current law firm can then dismiss its action in the District Court for the District of Columbia.

All of Intervoice's Board of Directors's minutes must be produced to the Court for *in camera* review no later than December 20, 2010.

### III. Remaining Deadlines

1. The parties will jointly submit to the Court a proposed scheduling order no later than December 20, 2010. The proposed order is to include the dates for any remaining depositions.

2. The Court anticipates that fact discovery will end by January 31, 2011.

3. If Intervoice wishes to file a spoilation of evidence motion, it must do so by January 31, 2011.

4. Intervoice must file a motion to compel the production of documents from any consortium member by December 20, 2010, with the court that issued the subpoena.

5. Intervoice informed the Court that it seeks discovery from Forrester, Gardner, Inc., and WorldCom, Inc. The parties indicated that they could reach an agreement regarding the discovery sought from these companies. If no agreement can be reached, the parties are ordered to notify the Court immediately. The Court is not anticipating further discovery extensions.

6. Dispositive motions are to be filed no later than March 4, 2011.

**SO ORDERED**, this the 9th day of December, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc